UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JORGE NUEZ, on his own
behalf and others similarly situated,

     Plaintiff,

v.

MATTRESS GIANT CORPORATION, a
Foreign Profit Corporation, and MATTRESS
FIRM, INC., a Foreign Profit Corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff, JORGE NUEZ ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated (Plaintiff hereby provides notice of his Consent to be a Party Plaintiff, attached as Exhibit A), by and through undersigned counsel, files this Complaint against Defendants, MATTRESS GIANT CORPORATION, a Foreign Profit Corporation, and MATTRESS FIRM, INC., a Foreign Profit Corporation, (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter called the "FLSA") to recover unpaid overtime compensation and for additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §206(b).

## PARTIES

3. At all material hereto, Plaintiff was, and continues to be a resident of Miami-Dade County, Florida.

4. At all times material hereto MATTRESS GIANT CORPORATION and MATTRESS FIRM, INC. were Foreign Profit Corporations. Further, at all times material hereto, MATTRESS GIANT CORPORATION and MATTRESS FIRM, INC. were engaged in business in Florida, with a place of business in Florida.

5. MATTRESS GIANT CORPORATION and MATTRESS FIRM, INC. operates in Miami-Dade County. As a result of the service provided by MATTRESS GIANT CORPORATION and MATTRESS FIRM, INC., two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

7. At all times material hereto, Plaintiff was "employee" of Defendants within the meaning of the FLSA.

8. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendants purchased equipment and products manufactured outside the State of Florida.

10. At all times material hereto, Defendants were and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Plaintiff was "engaged in commerce" and subject to the individual coverage of the FLSA.

13. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage under the FLSA.

14. The additional persons who may become Plaintiffs in this action are/were employed in a management position, held similar positions to Plaintiff's, and worked in excess of forty (40) hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forth (40).

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about May 2012, Defendant MATTRESS GIANT CORPORATION was acquired by Defendant MATTRESS FIRM, INC.

17. From 2005 through the present time (hereinafter referred to as "the relevant time period") Plaintiff worked for Defendant MATTRESS GIANT CORPORATION, and continues to work for Defendant MATTRESS FIRM, INC. Plaintiff was and is employed by Defendants in a nonexempt manager position.

18. At various material times during the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

19. During the relevant time period, Defendants failed to compensate Plaintiff's at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

20. Defendants have violated Title 29 U.S.C. § 207 for the relevant time period, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period in which he was employed with Defendants;

   b. No payments, and provisions for payments, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and a half times_ Plaintiff's regular hours worked in excess of forty (40) per work as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

21. Plaintiff has retained REMER & GEORGES-PIERRE, PLLC to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff realleges and reavers paragraph 1 through 21 of the Complaint as if fully set forth herein.

23. During the relevant time period, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and a half times Plaintiff's regular rate of pay.

24. Plaintiff was, and is entitled to be paid at the statutory rate of one and a half times Plaintiff's regular rate of pay for those hours worked in excess if forty (40).

25. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

26. Defendants' action were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and a half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) per week, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. At all times material hereto, Defendants failed to comply with Title 29 and United Stated Department of Labor Regulation, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

29. Based upon information and belief, the employees and formed of Defendants similarly situated to Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) hours or more hours in a work, Defendants have failed to properly pay Plaintiff, and those similarly situated to them, proper overtime wages for such hours.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in their favor against Defendants, jointly and severally:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per week;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Awarding Plaintiff pre-judgment interest; and

f.  Ordering any other further relief the Court deems just and proper.

**COUNT II**
**DECLARATION RELIEF**

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 above as if set out in full herein.

31. Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C.§1331, as a federal question exists.

32. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

33. Plaintiff may obtain declaratory relief.

34. Defendants employed Plaintiff.

35. Defendants are an enterprise.

36. Plaintiff was individually covered by the FLSA.

37. Defendants failed to pay Plaintiff properly for all hours worked.

38. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

39. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

40. Defendants did not rely upon a good faith defense.

41. Plaintiff is entitled to an equal amount in liquidated damages.

42. It is in the public interest to have these declaration of rights recorded.

43. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relation in issue.

44. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaratory of rights finding that an employer-employee relationship existed, Plaintiff worked over forty hours in a work without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this 23 day of _June_, 2014.

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC.**
*Attorneys for Plaintiff*
Court House Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _____  FBN188239
Anthony M. Georges-Pierre, Esq.
Fla. Bar No.: 0533637

## CONSENT TO JOIN INTO LAWSUIT

I hereby consent, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.   By choosing to join this lawsuit, I understand that I designate the representative Plaintiff as my agent to make decisions on my behalf concerning the litigation, including entering into settlement agreements.   These decisions will be binding on me if I join this lawsuit.   By choosing to join this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable.

| X Jorge Luis Nuez | Jorge          Nuez | 7-16-13 |
|---|---|---|
| **Signature** | **Printed First, Middle & Last Name** | **Today's Date** |

**Home Address**

| | |
|---|---|
| **Home Telephone Number** | **Cell Phone Number (if any)** |